UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Viral DRM, LLC, | § § § |
| Plaintiff, | § § Case No: |
| v. | § § |
| Friendly Chevrolet, Ltd. and Bailey Adventures, Ltd. d/b/a Market Doctors | § § § § |
| Defendant. | § § § |

**COMPLAINT**

Plaintiff Viral DRM, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendants Friendly Chevrolet, Ltd., ("*Friendly Chevrolet*") and Bailey Adventures, Ltd. d/b/a Market Doctors ("*Market Doctors*") (collectively Friendly Chevrolet and Market Doctors are referred to as "*Defendants*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2. Ronald Brian Emfinger ("*Emfinger*") created a video showing footage of a tornado in the city of Elgin, Texas (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Market Doctors is a marketing company which operates a Facebook account with the name "@friendlychevroletdallas" ("*Account 1*").

4. Friendly Chevrolet is the owner of Account 1.

5. Market Doctors also operates a Facebook account with the name "@gmpartsclub" ("*Account 2*").

6. Friendly Chevrolet is the owner of Account 2.

1

7. Hereinafter, Account 1 and Account 2 are referred to collectively as the "*Accounts*".

8. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Video on each of the Accounts and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

9. Plaintiff is an Alabama limited liability company and maintains its principal place of business in Talladega County, Alabama.

10. Upon information and belief, defendant Bailey Adventures, Ltd., is a Texas limited company with a principal place of business at 1111 FM 646 Road N, Dickinson in Galveston County, Texas and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Texas.

13. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

14. Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

15. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

16. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

17. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

18. On March 21, 2022, Emfinger first authored the Video. A copy of the Video is attached hereto as Exhibit 1.

19. In creating the Video, Emfinger personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording.

20. Emfinger created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

21. Emfinger published the Video by commercially licensing it to numerous third-party media and weather companies for the purpose of display and/or public distribution.

22. On March 21, 2022, Michael Brandon Clement ("*Clement*") and Brett Adair ("*Adair*") acquired the rights in and to the Video from Emfinger by way of written assignment.

23. Thereinafter, on May 17, 2022, Plaintiff acquired the rights in and to the Video from Clement and Adair by way of written assignment.

**B.    Defendant's Infringing Activity**

24. Friendly Chevrolet is the registered owner of the Accounts and is responsible for their content.

25. Upon information and belief, Market Doctors was retained by Friendly Chevrolet to manage its social media marketing.

26. Upon information and belief, Market Doctors is Friendly Chevrolet's agent for purposes of social media marketing.

27. Market Doctors is the operator of the Accounts and is responsible for their content.

28. The Accounts are key components of Friendly Chevrolets popular and lucrative commercial enterprise.

29. The Accounts are monetized in that they promote the businesses and their services to the public and, upon information and belief, Defendant profits from these activities.

30. On or about March 23, 2022, Defendants copied and thereafter displayed the Video

on Account 1 as part of a Facebook post at URL: https://www.facebook.com/watch/?v=1105979780333676 ("*Infringement 1*"). A copy of a screengrab of Account 1 including a still frame from the Video is attached hereto collectively as Exhibit 2.

31. Further, on or about March 23, 2022, Defendant copied and thereafter displayed the Video on Account 2 as part of a Facebook post at URL: https://www.facebook.com/watch/?v=991932494762481 ("*Infringement 2*"). A copy of a screengrab of Account 2 including a still frame from the Video is attached hereto collectively as Exhibit 2.

32. Without permission or authorization from Plaintiff, Defendants volitionally copied and displayed Plaintiff's copyright protected Video on each of the Accounts.

33. Plaintiff first observed and actually discovered the Infringements and Defendants' violation of the DMCA on April 18, 2022.

34. Upon information and belief, the Video was copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

35. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

36. The Infringements are exact copies of Plaintiff's original video recording that was directly copied and displayed by Defendants on each of the Accounts.

37. Upon information and belief, Defendants take an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on, and/or displaying video recordings including but not limited to Plaintiff's Video.

38. Upon information and belief, the Video was willfully and volitionally posted to the Accounts by Defendants.

4

39. Upon information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent.

40. Defendants cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

41. Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

42. Upon information and belief, Defendants have the legal right and ability to control and limit the infringing activities on their Accounts and exercised and/or had the right and ability to exercise such right.

43. Upon information and belief, Defendants monitors the content on each of its Accounts.

44. Upon information and belief, Defendants received a financial benefit directly attributable to the Infringements.

45. Upon information and belief, the Infringements increased traffic to each of the Accounts and, in turn, caused Friendly Chevrolet to realize an increase in its business revenues.

46. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Accounts.

47. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

48. Defendant's use of the Video harmed the actual market for the Video.

49. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

50. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

51. Plaintiff repeats and incorporates by reference the allegations contained in the

preceding paragraphs, as though set forth in full herein.

52. The Video is an original, creative work in which Plaintiff owns a valid copyright.

53. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

54. Plaintiff has not granted Defendants a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

55. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

56. Defendants' reproduction of the Video and display of the Video constitutes willful copyright infringement.

57. Upon information and belief, Defendants willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Accounts.

58. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

59. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

60. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
*(Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))*

61. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

62. Upon information and belief, Market Doctors distributed Infringement 2 without Plaintiff's copyright management information ("*CMI*"), as there was no credit provided to Plaintiff of the Video on Account 2.

63. Upon information and belief, Market Doctor's distribution of containing the Video was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

64. Upon information and belief, Market Doctors distributed the Video on Account 2 with the overlay of additional text "gmpartsclub.com" for the promotion of their client's website.

65. Upon information and belief, Market Doctors had reasonable grounds to know that its distribution of the infringing article containing the Video would induce, enable, facilitate, or conceal an infringement.

66. Market Doctors conduct violates 17 U.S.C. § 1202(b).

67. Friendly Chevrolet is vicariously liable for the conduct of its agent Market Doctors violation of 17 U.S.C. § 1202(b).

68. Plaintiff has sustained substantial injury and monetary damages as a result of Defendants' wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

69. As a result of Defendants' violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendants attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

70. As a result of the Defendants' violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

71. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d. for an award of actual damages or, in the alternative, statutory damages against each Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

e. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

f. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

g. for pre-judgment interest as permitted by law; and

   h.  for any other relief the Court deems just and proper.

DATED: January 3, 2024

               **SANDERS LAW GROUP**

               By:  */s/ Craig Sanders*
               Craig Sanders, Esq.
               333 Earle Ovington Blvd, Suite 402
               Uniondale, NY 11553
               Tel: (516) 203-7600
               Email: csanders@sanderslaw.group
               File No.: 126073

               *Attorneys for Plaintiff*