# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

|  |  |  |
|---|---|---|
| VIRAL DRM, LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Case No: 3:24-cv-00003 |
| FRIENDLY CHEVROLET, LTD., | § | |
| BAILEY ADVENTURES, LTD. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## JOINT DISCOVERY AND CASE MANAGEMENT PLAN

**1.      State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self represented litigant who attended for each party.**

• March 20, 2024 by telephone.

• For plaintiff: James H. Freeman, Sanders Law Group

• For defendant: James F. Sanders, Kershaw Anderson King, PLLC

**2.      List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

• None

**3. Briefly describe what this case is about.**

• <u>Plaintiff</u>: This is a copyright infringement case. Plaintiff is the owner of a copyrighted video which has been commercially licensed. Defendants used the video on a commercial website without Plaintiff's authority. Plaintiff seeks statutory damages, attorneys' fees and costs.

• <u>Defendant</u>: This is a copyright infringement case. Defendant is the passive owner of a Facebook group called "@friendlychevroletdallas" where alleged copyrighted materials were posted. Defendant denies Plaintiff's allegations and contends that Plaintiff has failed to show prima facia evidence of a properly registered copyright owned by Plaintiff.

**4. Identify any issues as to service of process, personal jurisdiction, or venue.**

• None

**5. Federal jurisdiction.**

**a. Specify the allegation of federal jurisdiction.**

• 28 U.S.C. 1338(a); 28 U.S.C. 1331

**b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.**

• None

**c. If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C., 965 F.3d 404, 408 fn.1 (5th Cir. 2020).**

• N/A

**6. List anticipated additional parties that should be included, and by whom they are wanted.**

• <u>Plaintiff</u>: None.

• <u>Defendant</u>: Unknown owners and operators of Facebook group "@gmpartsclub," mistakenly alleged to be owned and controlled by Defendant. Additionally, Defendant's Facebook group is operated by Red 7 Creative.

**7. List anticipated interventions.**

• <u>Plaintiff</u>: None.

• <u>Defendant</u>: Defendant does not anticipate any interventions under Rule 22 of the Federal Rules of Civil Procedure. Defendant does intend to pursue third party actions against the parties identified above.

**8. Describe class action or collective action issues.**

• None

**9.     State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

• Plaintiff and Defendant have not yet made the initial disclosures required by Rule 26(a) as of the filing of this report. Arrangements have been made to complete the disclosures by March 29, 2024.

**10.     If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

• <u>Plaintiff</u>: Plaintiff intends to move for its attorneys' fees under 17 U.S.C. 505 within 14 days after entry of judgment.

• <u>Defendant</u>: Defendant would like to retain its right to hold an evidentiary hearing on the issue of attorneys' fees and would like to retain its right to cross examine and call witnesses, if necessary.

**11. Describe the proposed discovery plan, including:**

**a. Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.**

• Parties agree to exchange documents in standard PDF format and request metadata on a document-by-document basis as needed.

• The parties agree that no more than two (2) depositions shall be taken per party.

• The parties agree that they shall each serve no more than 25 requests for production of documents, 25 interrogatories, and 25 requests for admissions.

**b. Any threshold issues−such as limitations, jurisdiction, or immunity−that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

• None

**12. Experts**

**a. Are experts needed on issues other than attorneys' fees?**

• TBA

**b. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

• N/A

**c. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**

• 60 days before discovery deadline indicated in para. 13

**d. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).**

• 30 days before discovery deadline indicated in para. 13

**13. State the date discovery can reasonably be completed.**

• <u>Plaintiff's Proposed Date</u>: September 30, 2024 (180 days after initial conference).

• <u>Defendant's Proposed Date:</u> December 30, 2024 (270 days after initial conference).

**14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

• Other than the proposed discovery deadline, *see* para. 13, the parties are in agreement as to the discovery plan.

**15. Specify the discovery beyond initial disclosures that has been undertaken to date.**

• None

**16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

• The parties are engaged in settlement discussions and plan to continue to engage.

**17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

• Parties agree that mediation is the suitable form of alternative dispute resolution for this case and submit that a mediation should be conducted 30 days before the fact discovery deadline.

**18. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and nonjury trials. Indicate the parties' joint position on a trial before Judge Edison.**

- Parties do not consent to a trial before a Magistrate Judge.

**19. State whether a jury demand has been made and if it was made on time.**

- Plaintiff and Defendant made a Jury Demand and it was timely.

**20. Specify the number of hours it will likely take to present the evidence.**

- Approximately 24 hours (3 trial days)

**21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

- None.

**22. List other pending motions.**

- None.

**23. List issues or matters, including discovery, that should be addressed at the conference.**

- None.

**24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

- <u>Plaintiff</u>: January 18, 2024 – Dkt. No. 7
- <u>Defendant</u>: March 18, 2024 - Dkt. No. 11

Respectfully Submitted:

/s/ *James H. Freeman* /
James H. Freeman
Sanders Law Group
333 Earle Ovington Boulevard, Ste 402
Uniondale, NY 11553
516-203-7600

Fax: 516-203-7601
Email: jfreeman@sanderslaw.group

*Counsel for Plaintiff*

/s/ *H. Peyton Inge* /
H. Peyton Inge , IV
Kershaw Anderson King, PLLC
12400 Coit Rd, Ste 800
Dallas, TX 75251
214-431-5791
Email: pinge@kaktxlaw.com

*Counsel for Defendant*